UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NORMAN BENNETT, | Civil Action No.: |
| Plaintiff, | |
| v. | |
| PMAB, LLC, | |
| Defendant. | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, NORMAN BENNETT ("Plaintiff"), by and through his attorneys, the Law Offices of Mitch Luxenburg, alleges the following against PMAB, LLC ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Telephone Consumer Protection Act, ("TCPA"), 47 U.S.C. § 227, *et seq.*

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d),

which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States. See <u>Mims v. Arrow Fin. Services, LLC</u>, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of North Carolina therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Charlotte, North Carolina.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Plaintiff is a "consumer" pursuant to 15 U.S.C. § 1692a(3).

8. In the alternative, Plaintiff is a "person" with standing to bring this suit pursuant to 15 U.S.C. §1692k(a).

9. Defendant is a debt collection company with its principal place of business located at 4135 Southstream Boulevard, Suite 400, Charlotte, North Carolina 28217.

10. Upon information and belief, Defendant is a corporation that provides call center, collections and debt purchase services to companies in the United States.

11. At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and repeatedly contacted Plaintiff in its attempts to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5) for another person.

12. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

14. Upon information and belief, Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

15. Plaintiff has a cellular telephone number.

16. Plaintiff has only used this number as a cellular telephone number.

17. Beginning in, around, or before December 2016 and continuing through around April 2018, Defendant called Plaintiff's cellular telephone number repeatedly.

18. On information and belief, Defendant called Plaintiff's cellular telephone to collect a debt incurred for personal, family, or household purposes.

19. Plaintiff has no business debts and all debts he has incurred are for personal, family, or household purposes.

20. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and/or pre-recorded or artificial voice.

21. Plaintiff knew Defendant was using an automatic telephone dialing system and/or pre-recorded or artificial voice as calls would begin with either a noticeable delay or silence with no caller on the line or a pre-recorded message before a live representative would come on the phone or the call would terminate.

22. Defendant's calls were not for emergency purposes.

23. Fed up with the repeated calls, in or around January 2017, Plaintiff told the Defendant to stop calling him.

24. Plaintiff also refused to confirm information with Defendant or to make payments and demanded documentation of the alleged debt in writing.

25. Defendant ignored Plaintiff's request to stop calling and continued to

call several times a week and sometimes multiple times in a single day forcing Plaintiff to make additional requests to stop calling without success.

26. Plaintiff found Defendant's repeated calls to be frustrating, annoying, harassing, invasive, and upsetting.

27. Lastly, in its attempts to collect the debt, Defendant failed to send Plaintiff written correspondence, within five (5) days of its initial communication with him, advising him of his rights to dispute the debt and/or to request verification of the debt.

28. Upon information and belief, Defendant conducts business in a manner which violates the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act.

**DEFENDANT VIOLATED THE
FAIR DEBT COLLECTION PRACTICES ACT**

**COUNT I**

29. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5).

    a. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

c. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it called Plaintiff's cellular telephone repeatedly and continued to call knowing its calls were unwanted.

## COUNT II

30. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g(a).

a. A debt collector violates § 1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer

notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b. Here, Defendant violated § 1692g(a) of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of his rights to dispute the debt or request verification of the debt or providing him with the name of the original creditor and the amount of the debt.

## COUNT III

## DEFENDANT VIOLATED THE TCPA

31. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system and/or artificial or pre-recorded voice.

33. Defendant's calls to Plaintiff were not made for "emergency purposes."

34. After Defendant was told to stop calling, Defendant knew or should have known it did not have consent to call and/or that any consent it thought it had was revoked.

35. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively, fraudulently, and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

36. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual, and treble damages.

WHEREFORE, Plaintiff, NORMAN BENNETT respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A) and 15 U.S.C. §1692k(a)(1),

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3)

d. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

e. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

f. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

g. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff NORMAN BENNETT, demands a jury trial in this case.

DATED: 09/05/2018

By: /s/ Mitchel Luxenburg
N.C. Bar No. 42021
Law Offices of Mitchel Luxenburg
P.O. Box 22282
Beachwood, OH 44122
Tel: 216-452-9301
Fax: 866-551-7791
Email: Mitch@MLuxLaw.com